UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

Civil Action No. 08-350-HRW

SUSAN RENEE CALDWELL,                                          PLAINTIFF,

v.                    **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,              DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for child's insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for child's insurance benefits and supplemental security income benefits on June 15, 2006, alleging disability beginning on October 1, 2002, due to anxiety (Tr. 135).

This application was denied initially and on reconsideration. On April 1,

2008, an administrative hearing was conducted by Administrative Law Judge Don C. Paris (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Linda Tabor, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On June 16, 2008, the ALJ issued his decision finding that Plaintiff was not disabled.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 17).

The ALJ then determined, at Step 2, that Plaintiff suffered from depression, not otherwise specified and anxiety disorder, not otherwise specified, which he found to be "severe" within the meaning of the Regulations (Tr. 17).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 18-19).

Although Plaintiff has no relevant past work, the ALJ determined that she has the residual functional capacity ("RFC") to perform work at all exertional levels with certain nonexertional restrictions, as set forth in the hearing decision (Tr. 19-21).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 21). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on October 3, 2008 (Tr. 5-7).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 10 and 11] and this matter is ripe for decision.

### III.  ANALYSIS

#### A.  Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).  If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).  "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988).  Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273

(6th Cir.1997).

### B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) her impairments meet or equal Section 12.05 of the Listing of Impairments and (2) the ALJ improperly gave more weight to the opinions of the state agency nonexamining medical consultants over those of the consultative examiners.

### C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that her impairments meet or equal Section 12.05 of the Listing of Impairments.

The Sixth Circuit Court of Appeals stated in *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999), "the burden of proof lies with the claimant at steps one through four of the [sequential disability benefits analysis]," including proving presumptive disability by meeting or exceeding a Medical Listing at step three. Thus, Plaintiff "bears the burden of proof at Step Three to demonstrate that he has or equals an impairment listed in 20 C.F.R. part 404, subpart P, appendix 1." *Arnold v. Commissioner of Social Security*, 238 F.3d 419, 2000 WL 1909386, *2 (6th Cir. 2000 (Ky)), *citing Burgess v. Secretary of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992). If the Plaintiff "can show

an impairment is listed in Appendix 1 ("the listings"), or is equal to a listed impairment, the ALJ must find the claimant disabled." *Buress v. Secretary of Health and Human Services*, 835 F.2d 139, 140 (6th Cir. 1987).

"The listing of impairments 'provides descriptions of disabling conditions and the elements necessary to meet the definition of disabled for each impairment." *Arnold*, at \*\*2, quoting *Maloney v. Commissioner*, 211 F.3d 1269, 2000 WL 420700 (6th Cir. 2000). In order for the Plaintiff "to qualify as disabled under a listed impairment, the claimant must meet **all** the requirements specified in the Listing." *Id*. (emphasis added). This must be done by presenting specific medical findings that satisfy the particular Listing. *Sullivan v. Zebley*, 493 U.S. 521, 530-532, (1990). An impairment that manifests only some of the criteria in a particular Listing, "no matter how severely, does not qualify." *Sullivan*, at 530. In other words, it is insufficient for a claimant to almost meet the requirements of a listed impairment. *See, Dorton v. Heckler*, 789 F.2d 363, 367 (6th Cir. 1986).

Listing 12.05 provides in pertinent part:

> 12.05 *Mental retardation:* Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.,* the evidence

> demonstrates or supports onset of the impairment before age 22.
> The required level of severity for this disorder is met when the requirements in A, B, C or De are satisfied.
>  . . . .
> C.  A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.

20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05.

In order to fall within Listing 12.05, Plaintiff must first show that she has "significantly subaverage general intellectual functioning with deficits in adaptive functioning" which "initially manifested during the developmental period." Plaintiff has not done so.   The record shows that she has a verbal IQ of 76, performance IQ of 70 and a Full Scale IQ of 71 (Tr. 199).  Significantly, however, the record contains no diagnosis of mental retardation.  The only diagnosis of record is that of Phil Pack, M.S., a consultative examiner who opined that Plaintiff suffered from borderline intellectual functioning (Tr. 200).   As Plaintiff has not been diagnosed as having mental retardation, she has not demonstrated that she has "significantly subaverage general intellectual functioning with deficits in adaptive functioning" as required by the relevant Listing.   The Court finds that the ALJ's determination in this regard is supported by substantial evidence in the record.

Plaintiff's second claim of error is that the ALJ improperly gave more

weight to the opinions of the state agency nonexamining medical consultants over those of the consultative examiners.

It is well established that the opinions of consultative examiners are not entitled to controlling weight. 20 C.F.R. § 404. 1527(d)(2). It is also well established that the ALJ may rely upon the opinions of nonexamining sources. 20 C.F.R. § 416.927(d) and (f). Finally, it is the duty of the ALJ to weigh the evidence of record. *See e.g., Richardson v. Perales*, 402 U.S. 389, 399 (1971).

In this case, the ALJ stated that while he assigned some weight to the findings of the consultative examiners, as their assessment were based upon examination (Tr. 20), he assigned greater weight to the opinions of the state agency consultants because he found them to better supported by medical findings and more consistent with the record as a whole. For example, the ALJ discussed Plaintiff's activities of daily living, social functioning, concentration, persistence and pace at length and found that the record, as well as his observations, were consistent with the assessments of both Dr. Lea Peritt and Dr. Jane F. Brake (Tr. 18, Tr, 2470294, Tr. 277-294). The Court finds no error in the ALJ's analysis in this regard as there exists substantial in the record which supports the opinions of the state agency consultants.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This November 9, 2009.



Signed By:
<u>Henry R Wilhoit Jr.</u>
United States District Judge